IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOANN BROOKS, | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. ADC-17-3745 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,[1] | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

On December 19, 2017, Joann Brooks ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claim for Supplemental Security Income ("SSI"). *See* ECF No. 1 ("the Complaint"). After consideration of the Complaint, the parties' cross-motions for summary judgment (ECF Nos. 19, 20), and the response thereto (ECF No. 21), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2016). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 19) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 20) is GRANTED.

**PROCEDURAL HISTORY**

In August 2004, Plaintiff filed a Title XVI application for SSI. Plaintiff was found disabled upon an initial level of review due to depression, osteoarthrosis, and allied disorders. The SSA determined there was medical improvement after conducting a disability review, and

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner of Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

1

Plaintiff's disability ceased effective May 1, 2013. Plaintiff's supplemental security income terminated July 31, 2013. Plaintiff did not file an appeal to the determination made on May 9, 2013. Therefore, the SSA's decision to cease disability was final and binding.

On September 6, 2013, Plaintiff filed the current Title XVI application for supplemental security income, alleging disability beginning August 1, 2004. The application was first denied March 28, 2014, as well as denied upon reconsideration on June 24, 2014. Subsequently, on July 11, 2014, Plaintiff requested a hearing. An Administrative Law Judge ("ALJ") presided over a video hearing on August 24, 2016. Following the hearing, the ALJ admitted medical exhibits from the claimant's initial Title XVI claim to the record per the request of Plaintiff's attorney.[2] The ALJ denied Plaintiff's request to reopen the SSA's final order of May 9, 2013. Therefore, the relevant period is from September 6, 2013 through November 10, 2016, which is the date of the ALJ's decision.

On November 10, 2016, the ALJ rendered a decision ruling that Plaintiff "ha[d] not been under a disability, as defined in the Social Security Act [(the "Act")], since September 6, 2013, the date the application was filed." ECF No. 14 at 29. Thereafter, Plaintiff filed an appeal of the ALJ's disability determination and, on October 17, 2017, the Appeals Council denied Plaintiff's request for review. Thus, the decision rendered by the ALJ became the final decision of the SSA. *See* 20 C.F.R. § 416.1481 (2018); *see also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

On December 19, 2017, Plaintiff filed the Complaint in this Court seeking judicial review of the SSA's denial of her disability application. On June 20, 2018, Plaintiff filed a Motion for Summary Judgment, and Defendant filed a Motion for Summary Judgment on July 23, 2018. On

---

[2] Medical records were admitted to the record on October 19, 2016 and were marked as Exhibits 20F through 39F. The ALJ notes the medical records are for reference only and the final determination of May 9, 2013 shall not be interpreted as reopening. ECF No. 14 at 20.

2

August 9, 2018, Plaintiff responded to Defendant's motion.[3] This matter is now fully briefed and the Court has reviewed both parties' motions and the response thereto.

## STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a *de novo* review of the evidence, and the [SSA]'s finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." (citation and internal quotation marks omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a

---

[3] On September 7, 2018, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

3

preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations and quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

### DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for SSI, a claimant must establish that she is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant shall be determined to be under disability where "[her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632,

4

634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. § 404.1520(e). RFC is an assessment of an individual's ability to do

sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 16-3p, 2017 WL 5180304, at *2–13 (Oct. 25, 2017). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *6–8.

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(e), 416.920(a)(4)(iv), 416.920(e).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the

6

claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ DETERMINATION

In the instant matter, the ALJ performed the sequential evaluation and found at step one that Plaintiff "ha[d] not engaged in substantial gainful activity since September 6, 2013, the application date." ECF No. 14 at 23. At step two, the ALJ found that Plaintiff had the severe impairments of "diabetes mellitus, obesity, hypertension, thyroid disease, and allergic rhinitis." *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 24. At step four, the ALJ determined that Plaintiff had the RFC:

> to lift or carry 50 pounds *occasionally* and 25 pounds *frequently*; to stand or walk for approximately 6 hours of an eight-hour workday and sit for approximately 6 hours of an eight-hour workday; *frequently* climb ramps, stairs, ladders, ropes, and scaffolds; *frequently* balance, stop, kneel, crouch, and crawl; and must avoid

7

> even moderate exposure to irritants such as fumes, odors, dusts, gases, and pollen.[4]

*Id.* at 25 (internal citations omitted) (emphasis in original).

The ALJ then determined that Plaintiff has no past relevant work. *Id.* at 28. Finally, at step five, the ALJ determined that the lack of Plaintiff's "transferabl[e] job skills is not an issue because [Plaintiff] does not have past relevant work." *Id.* Alternatively, the ALJ found that, "[c]onsidering [Plaintiff]'s age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." *Id.* Thus, the ALJ concluded that Plaintiff "ha[d] not been under a disability, as defined in the [Act], since September 6, 2013, the date the application was filed." *Id.* at 29.

## DISCUSSION

On appeal, Plaintiff solely alleges that the ALJ erred at step two of the sequential evaluation by failing to find the Plaintiff's depression as severe. ECF No. 19-1 at 8. Specifically, the Plaintiff argues that the non-severe determination was incorrect because the ALJ based his reasoning on the record being "devoid of evidence of 'psychotic features, episodes of decompensation, delusional thinking, or suicidal thoughts' nor . . . 'any emergent psychiatric intervention.'" *Id.* at 8–9. The Plaintiff relies on statements of "poor sleep, low energy, long and short term memory issues and issues with socializing." *Id.* at 9. The Plaintiff also cites a medical report noting an unusual personality and an additional record from 2005 in which a physician recognized unusual behavior. *Id.*

At step two of the sequential evaluation, the claimant must demonstrate that she has an impairment or combination of impairments that is "severe." 20 C.F.R. § 416.920(a)(4)(ii), (c);

---

[4] The ALJ notes "[t]he term *frequent* means occurring from one-third to two-thirds of the time during an ordinary workday, and generally totals no more than 6 hours of an 8-hour workday." ECF No. 14 at 6 n.3 (emphasis in original).

8

*Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (stating that the claimant bears the burden of showing that he has a "severe" impairment). An impairment or combination thereof is "severe" if it significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 416.920(a)(4)(ii), (c). This step is not "satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." SSR 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985). "[W]hen assessing the severity of whatever impairments an individual may have, the adjudicator must assess the impact of the combination of those impairments on the person's ability to function, rather than assess separately the contribution of each impairment to the restriction of his or her activity as if each impairment existed alone." *Id.*

In evaluating mental impairments specifically, the Regulations require the ALJ to follow the "special technique" as set out in 20 C.F.R. § 416.920a. The "special technique" provides the following instructions regarding how an ALJ is to rate the degree of a claimant's functional limitations:

> (c) Rating the degree of functional limitation.
>
> (1) Assessment of functional limitations is a complex and highly individualized process that requires us to consider multiple issues and all relevant evidence to obtain a longitudinal picture of your overall degree of functional limitation. We will consider all relevant and available clinical signs and laboratory findings, the effects of your symptoms, and how your functioning may be affected by factors including, but not limited to, chronic mental disorders, structured settings, medication, and other treatment.
>
> (2) We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function. . . .

> (3) We have identified four broad functional areas in which we will rate the degree of your functional limitation: Understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. . . .
>
> (4) When we rate your degree of limitation in these areas (understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself), we will use the following five-point scale: None, mild, moderate, marked, and extreme. The last point on the scale represents a degree of limitation that is incompatible with the ability to do any gainful activity.

20 C.F.R. § 416.920a(c)(1)–(4).

Thus, under the "special technique," an ALJ is required to rate the degree of a claimant's functional limitations in four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. § 416.920a(c)(3). The ALJ uses these ratings of the degree of limitation in specified areas of function to determine the impairment's severity. 20 C.F.R. § 416.920a(d). A rating of "none" or "mild" calls for a finding that the impairments are not severe unless evidence indicates "more than a minimal limitation" in the claimant's ability to do basic work activities. 20 C.F.R. § 416.920a(d)(1).

In his step two analysis, the ALJ found the following severe impairments: diabetes mellitus, obesity, hypertension, thyroid disease, and allergic rhinitis. ECF No. 14 at 23. Then, the ALJ explained his reasoning for finding that Plaintiff's depression was not a severe impairment:

> With regard to [Plaintiff's] complaints of depression, there is a lack of evidence to suggest the existence of any significant mental disorder since September 6, 2013. Namely, during the relevant period, there are no psychiatric inpatient hospitalizations of record; and [Plaintiff] has not received outpatient psychiatric care, psychological treatment, or required any emergent psychiatric intervention. The record is devoid of psychotic features, episodes

10

of decompensation, delusional thinking, or suicidal thoughts. In fact, when Dr. Olga Rosello conducted a psychiatric consultative examination in March 2014, she characterized [Plaintiff] as cooperative and calm. She further found an appropriate speech pattern, reactive affect, good mood, linear and logical thought content, and no evidence of psychotic symptoms. [Plaintiff] denied any perceptual disturbances, suicidal thoughts, or homicidal ideation. Moreover, at the time of hearing, [Plaintiff] denied experiencing feelings of guilt or shame. She denied having crying episodes or periods of sadness, and she denied experiencing suicidal thoughts. She takes no psychotropic medicine and cares for her personal needs independently. She prepares meals for her family, cleans, does the laundry, irons clothing, goes grocery shopping, uses public transportation, and manages her own bank account(s).

ECF No. 14 at 23–24 (internal record citations omitted). The ALJ subsequently considered the four broad functional areas as per "paragraph B" criteria, and the ALJ determined there were no limitations:

> I find no limitations in activities of daily living, no limitations in social functioning, no limitations in concentration[,] persistence[,] and pace, and no episodes of decompensation of an extended duration. Because [Plaintiff's] medically determinable mental impairment causes "no" limitation in any of the first three functional areas and "no" episodes of decompensation of extended duration in the fourth area, it is non-severe. Finally, I note that no psychological consultant designated by the Commissioner on the issue of equivalence has concluded that a mental listing is medically equaled.

*Id.* (internal record citations omitted). Therefore, in accordance with 20 C.F.R. § 416.920a, Plaintiff's depression is not considered a severe impairment under the special technique because the ALJ did not find that any functional area indicated "more than a minimal limitation." *Id.* at 24.

Furthermore, "if a claimant does have a severe impairment or combination of impairments, the ALJ must consider the effects of *both the severe and non-severe impairments* at the subsequent steps of the process, including the determination of RFC." *Rivera v. Astrue*, No. CBD-12-1095, 2013 WL 4507081, at *7 (D.Md. Aug. 22, 2013) (citing 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii)) (emphasis in original). "If the ALJ proceeds to discuss and consider the non-severe impairment at subsequent steps, there is no prejudice to the claimant." *Id.* (citing *Thomas v. Comm'r, Soc. Sec. Admin.*, No. SAG-11-3587, 2013 WL 210626, at *2 (D.Md. Jan. 17, 2013) (finding harmless error where the ALJ continued with sequential evaluation process and considered both severe and non-severe impairments)).

Although the ALJ did not find Plaintiff's depression to be a severe impairment, he continued his analysis and considered Plaintiff's depression at subsequent steps. ECF No. 14 at 23, 25. At step four, the ALJ determined the RFC after assessing "all the evidence with consideration of the limitations and restrictions imposed by the combined effects of all [Plaintiff's] medically determinable impairments." *Id.* at 25. Further, the ALJ considered the Plaintiff's "statements concerning the intensity, persistence and limiting effects of [the alleged] symptoms [but determined the] symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* at 26. Again, in the ALJ's step four analysis, he notes Plaintiff "does not take any psychotropic medicine or receive any mental health care treatment." *Id.*

Due to the ALJ's consideration of Plaintiff's depression explicitly during step two and again during subsequent steps of the sequential evaluation, the Plaintiff did not suffer prejudice by the ALJ's determination. *Rivera*, 2013 WL 4507081, at *7 (finding harmless error where the ALJ considered plaintiff's non-severe mental impairment at subsequent steps of the sequential

evaluation). Accordingly, the ALJ properly evaluated Plaintiff's depression after determining it was a non-severe impairment.

## CONCLUSION

In summation, the Court finds that the ALJ properly evaluated the evidence on record and provided substantial evidence in support of the finding that Plaintiff was "not disabled" within the meaning of the Act from September 6, 2013 through the date of the ALJ's decision. Pursuant to 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 19) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 20) is GRANTED, and the decision of the Social Security Administration is AFFIRMED. The clerk is directed to CLOSE this case.

Date: 10 October 2018

A. David Copperthite
United States Magistrate Judge